## Slone v. Commonwealth.

(Decided April 29, 1930.)

O. M. GOFF for appellant.

J. W. CAMMACK, Attorney General, and S. J. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellant, Frank Slone, has been sentenced to five years in the penitentiary upon the charge of feloniously breaking into a dwelling house with the intent to steal and stealing property therefrom. His grounds for reversal are merely stated in a general way to be that the verdict of the jury is contrary to the law and against the evidence and that the court erred in instructing the jury.

It was proved that the dwelling house of W. H. Campbell was broken into and certain property belonging to him taken therefrom, and that the appellant had some of this property in his possession and sold it for much less than its real value. He admitted this and stated that he met Hogan Parsons a few days after the entry into the house, and that Parsons asked him to dispose of this property, for which service he agreed to give him one-half of the proceeds. Not knowing that it was stolen, he sold it for what he could get and they divided the money. It is shown that Parsons at the time the house was broken into was a fugitive from justice and not in the vicinity of Mr. Campbell's home, and also shown that he had subsequently been killed in a mine. Appellant says while Parsons was hiding out he was in the vicinity. It is also indicated that at the previous term of court the appellant had had a subpoena issued for another man from whom he was claiming he had acquired the stolen property.

It has often been held that property found in the possession of a defendant is alone sufficient to authorize the

submission to the jury of the issue of his guilt of breaking into a house from which it had been stolen; and that where such goods are soon thereafter found in the actual possession of a defendant who gives a false account or fails to give a satisfactory account of the manner in which the goods came into his possession, proof of such possession and guilty conduct are presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained. Roberson's Criminal Law, sec. 647.

Appellant's counsel does not point out any error in the instructions, nor have we been able to find any in them.

The judgment is accordingly affirmed.